IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SALVEN, )<br> )<br> Plaintiff, )<br> v. )<br> )<br>BRETT CARLSEN, et al., )<br> )<br> Defendants. )<br>_____)  | 1: 06-CV-1862 AWI<br><br>**ORDER DISMISSING ACTION<br>FOR LACK OF PROSECUTION** |

**BACKGROUND**

On December 19, 2006, Plaintiff filed a motion to withdraw a bankruptcy reference. Plaintiff never noticed this motion for hearing before the court.   No further document was filed in this action.

On January 25, 2008, the Clerk of the Court issued a minute order that placed this matter on the court's February 25, 2008 calendar for a hearing on dismissal for lack of prosecution. The minute order stated any opposition to dismissal was to be filed by February 19, 2008. Plaintiff did not file an opposition to dismissal for lack of prosecution and did not contact the court in any way.

On February 25, 2008, the court held a hearing concerning dismissal of this action for lack of prosecution.   Neither Plaintiff nor his attorney were present when the case was called. Noting that nothing had occurred in this action since it was filed and Plaintiff's absence at the hearing, the court dismissed this action.

## LEGAL STANDARD

A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992). In determining whether to dismiss an action for lack of prosecution the court must consider several factors, including: (1) the public's interest in expeditious resolution of litigation;(2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995); Ferdik, 963 F.2d at 1260-61.

## DISCUSSION

The court finds that dismissal for Plaintiff's failure to prosecute is appropriate. The public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. This action has been pending for over one year. Plaintiff has never noticed his motion for hearing or otherwise proceeded with this case. The court cannot manage its docket if it maintains cases in which a plaintiff has failed to litigate his case. The public's interest in the expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the court's limited resources may be spent on cases in which the litigant is actually proceeding. Public policy favoring disposition of cases on their merits also has little or no weight in actions where the Plaintiff has been unable or unwilling to proceed with the action. The availability of less drastic sanctions has been considered, but given that Plaintiff did not comply with the court's January 25, 2008 order, appear at the February 25, 2008 hearing, or otherwise contact the court, the court has no effective sanction but to close the case. Finally, any risk of prejudice to Defendant also weighs in favor of dismissal.

/ / /

**ORDER**

Accordingly, the court ORDERS that:

1. This action is DISMISSED for Plaintiff's failure to prosecute; and
2. The Clerk of the Court is DIRECTED to close the case.

IT IS SO ORDERED.

**Dated:      February 26, 2008**              /s/ Anthony W. Ishii
                                               UNITED STATES DISTRICT JUDGE